# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **JOLENE DILLON**<br>**716 South Sunset Lane**<br>**Raymore, MO 64083**<br><br>**and**<br><br>**TINA REESE**<br>**4901 South Valley View Road, Lot 84**<br>**Blue Springs, MO 64015**<br><br>**and**<br><br>**ROSE A. HILL**<br>**2630 South 45th Terrace**<br>**Kansas City, KS 66106**<br><br>**and**<br><br>**REBECCA STRIPLIN**<br>**8412 Wayne Avenue**<br>**Kansas City, MO 64131**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DAVOL, INC.**<br>**A Delaware corporation,**<br><br>**Serve: Registered Agent**<br>**CT Corporation System**<br>**10 Weybosset Street**<br>**Providence, RI 02903**<br><br>**and**<br><br>**C.R. BARD, INC.**<br>**a New Jersey Corporation**<br><br>**Serve: Judith A. Reinsdorf**<br>**730 Central Ave.** | ) | **Case No. ________________**<br>**Div. No. ___________** |

**Murray Hill, NJ 07974** )
)
)
**Defendants.** )

## PLAINTIFFS' COMPLAINT FOR DAMAGES

Plaintiffs, for their causes of action against the Defendants herein, state:

### Nature of the Case

1. In their Petition, Plaintiffs seek a judgment against the defendants C.R. Bard, Inc ("Bard") and Davol, Inc. ("Davol") for compensatory damages caused by the defendants' negligent design, testing, formulation, manufacture, marketing and selling of defective hernia repair patches as well as for breach of warranty and for violations of the Missouri Merchandising Practices Act.

### Jurisdiction and Venue

2. At all times of the acts of defendants complained of, plaintiff Jolene Dillon was an individual over the age of 21 years residing in Jackson County, Missouri.

3. At all times of the acts of defendants complained of, plaintiff Tina Reese was an individual over the age of 21 years residing in Jackson County, Missouri.

4. At all times of the acts of defendants complained of, plaintiff Rose A. Hill was an individual over the age of 21 years residing in Kansas.

5. At all times of the acts of defendants complained of, plaintiff Rebecca Striplin was an individual over the age of 21 years residing in Jackson County, Missouri.

6. Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix Kugel Mesh Patches ("Kugel Patch") at 100

Scokanosset Crossroad, Cranston Rhode Island. DAVOL has a registered-agent in Rhode-Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business on products in surgical specialties, including hernia repair, hemostasis, orthopedics, and laparascopy.

7. Defendant, C.R. Bard Inc ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of Kugel Patch. BARD at all times relevant did substantial and continuous business in the State of Rhode Island. Defendants identified in Paragraphs 7-8 are hereinafter referred to as "Defendants."

8. Whenever reference in this Petition is made to any act or transaction by Defendants Davol or Bard such allegation shall be deemed to mean that the principals, officers, directors, employees, agents and/or representatives of such Defendant committed, knew of, performed, authorized, ratified and/or directed such act or transaction on behalf of such Defendant while actively engaged in the scope of their duties.

9. This Court has jurisdiction over this action by virtue of 28 U.S.C. §1332, because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs and because there is a complete diversity of citizenship between plaintiff and each defendant.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) by virtue of the fact that Davol and Bard's products were sold to and consumer by plaintiff in the State of Missouri and also because the defendants' action and the facts giving rise to the claims set forth herein occurred in the State of Missouri, subjecting defendants to personal jurisdiction in this action and making it a "resident" of this judicial district.

## GENERAL ALLEGATIONS REGARDING KUGEL MESH PATCHES

11. The Kugel Mesh line of products was first manufactured by Surgical Sense, Inc., starting in or around 1996. In January of 2000, Bard acquired the Kugel line of hernia repair products from Surgical Sense, Inc. Shortly thereafter, in 2001, Bard introduced the Composix Kugel Mesh Patch through its subsidiary, Davol.

12. The Composix Kugel (PPM) and expanded Teflon (ePTFE) Mesh Patch, invented by Dr. Robert D. Kugel, is a polypropylene mesh prosthetic device developed to repair ventral hernias, or hernias of the abdominal region. The Composix Kugel Mesh Patch is inserted behind the hernia defect in the abdomen through a small incision. In order to fit through the small incision of mesh is folded in half. Once inside the abdomen the mesh re-deploys as a result of a hard "memory recoil ring" (or "PET coil ring") that surrounds the mesh.

13. There are defects in the design and manufacturing of the Composix Kugel Mesh Patch, including but not limited to the fact the "memory recoil ring" that opens the patch can break under the stress of placement of the product in the intra-abdominal space. Once the memory recoil ring has broken, it can later come loose and cause serious injuries as it travels through the body. The PPM and ePTFE portion of the patch also hardens over time resulting in injury to the body. The ring, PPM and ePTFE, and other materials in the patch also react with the body and degrade, embrittle, and fracture over time and create increased risk of infection. Injuries from the defects include: intestinal perforations; ring migration through the abdominal wall; abscesses; bowel obstruction and sepsis; and chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs). In addition, due to defects in the design and manufacturing of the Composix Kugel Mesh Patch, the Kugel Mesh increases the risk of inflammatory response resulting in migration, contraction and breakage.

14. The Composix Kugel Mesh Patches present and constitute an unreasonable risk of danger and injury in the following respects:

a. The memory recoil ring of the Composix Kugel Mesh Patch is likely to malfunction after being implanted;

b. The Composix Kugel Mesh Patch was not properly manufactured;

c. The Composix Kugel Mesh Patch was defectively designed;

d. The Composix Kugel Mesh Patch did not perform as safely as an ordinary consumer/patient would expect;

e. The Composix Kugel Mesh Patch was inadequate or insufficient to maintain its integrity during normal use after implantation in the consumer/patient; and

f. Such further and additional defects as discovery and the evidence reveal.

15. As a result of this dangerous and defective condition, and the numerous serious injuries that have resulted, the FDA issued Class 1 recalls of the X-Large Oval, Large Oval and Large Circle varieties of the Composix Kugel Mesh Patch. A Class 1 recall is the highest level of recall available to the FDA. It is issued when the FDA believes a medical product is dangerous or defective and predictably could cause serious health problems or death.

16. On December 22, 2005 and January 13, 2006, Davol and Bard announced the recall of the Composix Kugel Mesh X-Large Patch. Subsequently, in March of 2006, the Defendants announced the recall of the Composix Kugel Mesh Large Patch as well.

17. Under these FDA recalls, the following products were subject to recall:

| | | | |
|---|---|---|---|
| PC#0010206 | Bard Composix Kugel | Extra Large Oval | 8.7" x 10.7" |
| PC#0010207 | Bard Composix Kugel | Extra Large Oval | 10.8" x 13.7" |
| PC#0010208 | Bard Composix Kugel | Extra Large Oval | 7.7" x 9.7" |
| PC#0010209 | Bard Composix Kugel | Large Oval | 6.3" x 12.3" |

| | | | |
|---|---|---|---|
| PC#0010202 | Bard Composix Kugel | Large Oval | 5.4" x 7" |
| PC#0010204 | Bard Composix Kugel | Large Circle | 4.5" |

18. At all times herein mentioned, Defendants knew, or in the exercise of reasonable care should have known, that the aforesaid products and all other products manufactured in a similar way were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied prepared and/or provided with proper warnings, were not suitable for the purpose they were intended and were unreasonably likely to injure the products' users.

19. Defendants' Composix Kugel Mesh Patches are uniformly defective because they possess the same potential for breakage or malfunction of the memory recoil ring, as well as hardening of the PPM and ePTFE, and, as a result, place the patient at risk of resulting injury.

## PLAINTIFF JOLENE DILLON'S COURSE OF TREATMENT

20. Jolene Dillon was seen by Dr. Lee Nigro on November 10, 2004 for complaints of right upper quadrant pain.

21. A computerized axial tomogram of the abdomen and pelvis was ordered which revealed the existence of ventral hernia.

22. Dr. Nigro admitted Ms. Dillon to St. Joseph Medical Center on February 14, 2005 at which time he performed an incisional herniorrhaphy. During the surgery, Dr. Nigro implanted a "Large Circle" Kugel hernia repair patch REF 0010204, LOT 4310D309.

23. Subsequent to the February 14, 2005 surgery the Kugel hernia repair patch that Dr. Nigro implanted in Ms. Dillon's abdomen was recalled by the FDA and defendants Davol and/or Bard because such product was unsafe and defective.

24. During the several months following Mrs. Dillon's hernia surgery she began

suffering intermittent bowls of severe abdominal pain and fevers.

25. In late August of 2006, Mrs. Dillon had increased abdominal pain, fevers and distention.

26. Finally, Ms. Dillon was hospitalized at St. Joseph Medical Center ("SJMC") from September 3, 2006 through September 11, 2006. Diagnostic imaging revealed inflammatory fluid collection in the abdomen. Ms. Dillon was diagnosed with an abdominal wall abscess and possible cellulitis.

27. On September 4, 2006 Dr. Peter Chu performed an incision and drainage of a large abdominal abscess which measured 5 cm by 11 cm.

28. The abscess was delayed in healing and Mrs. Dillon began to develop greenish drainage at the wound site. CT scans were suspicious for enterocutaneous fistula and Dr. Chu noted that the mesh material sometimes turns inward on itself and "probably caused the bowel to be eroded."

29. Mrs. Dillon was again hospitalized at SJMC on October 29, 2006 though November 8, 2006. On October 31, 2006 Dr. Chu performed an exploratory laparotomy and noted recurrent abdominal wall infection secondary to enterocutaneous fistula with erosion of small bowel "due to the kugel patch mesh material." Dr. Chu repaired the bowel perforation, removed eight (8) inches of Mrs. Dillon's small bowel and performed an anastomosis repair.

**Plaintiff Jolene Dillon's Damages**

30. As a direct and proximate result of the negligent and defective design, manufacture, processing, distribution, marketing, sale, unfair and deceptive acts, supply, use, and breach of warranty by the defendants of the Kugel Patch in a defective condition unreasonably dangerous for it's reasonably anticipated uses and as a direct and proximate result of the

carelessness, negligence, complete indifference to and/or conscious disregard for the safety of others by the defendants, as hereinafter more specifically pleaded, plaintiff Jolene Dillon has suffered the following injuries and damages: pain, mental anguish, inconvenience, physical impairment, disfigurement, loss of capacity to enjoy life in the past, and will suffer pain, mental anguish, inconvenience, physical impairment, disfigurement, loss of capacity to enjoy life in the future; she has incurred medical expenses in the past and will incur medical expenses in the future, the exact amount of which is unknown at this time; she has incurred lost earnings and will incur lost earnings in the future, the exact amount of which is unknown at this time; and the injuries to the Plaintiff Jolene Dillon are permanent and progressive all to the damage of Plaintiff Jolene Dillon in excess of $75,000.

**Plaintiff Tina Reese's Course of Treatment**

31. Plaintiff Tina Reese was diagnosed with an incisional hernia which was surgically repaired by Dr. Richard Jamison using a Kugel Composix mesh patch on January 13, 2005.

32. Subsequent to the January 13, 2005 surgery the Kugel hernia repair patch that Dr. Jamison implanted in Ms. Reece's abdomen was recalled by the FDA and defendants Davol and/or Bard because such product was unsafe and defective.

33. In the months thereafter, Mrs. Reece began experiencing intermittent bouts of abdominal pain.

34. Mrs. Reece was hospitalized at Overland Park Regional Medical Center from January 3, 2007 through February 1, 2007 for abdominal pain and complications.

35. After that hospitalization, Mrs. Reece continued to have abdominal pain and went to see Dr. David Linehan who noted an area of tenderness in the left upper quadrant overlying the palpable Kugel mesh.

36. Mrs. Reese was hospitalized at Barnes Jewish Hospital in St. Louis from September 25, 2007 to September 29 2007. Dr. Linehan performed surgery to remove the Kugel patch and to repair the remaining ventral defect. Dr. Linehan noted multiple omental and bowel adhesions to the internal side of the mesh and noted " the inner ring of the mesh had fractured and was protruding perpendicular to the mesh and into the abdominal cavity which was the likely etiology of the patient's persistent abdominal pain."

**Plaintiff Tina Reese's Damages**

37. As a direct and proximate result of the negligent and defective design, manufacture, processing, distribution, marketing, sale, unfair and deceptive acts, supply, use, and breach of warranty by the defendants of the Kugel Patch in a defective condition unreasonably dangerous for it's reasonably anticipated uses and as a direct and proximate result of the carelessness, negligence, complete indifference to and/or conscious disregard for the safety of others by the defendants, as hereinafter more specifically pleaded, plaintiff Tina Reese has suffered the following injuries and damages: pain, mental anguish, inconvenience, physical impairment, disfigurement, loss of capacity to enjoy life in the past, and will suffer pain, mental anguish, inconvenience, physical impairment, disfigurement, loss of capacity to enjoy life in the future; she has incurred medical expenses in the past and will incur medical expenses in the future, the exact amount of which is unknown at this time; she has incurred lost earnings and will incur lost earnings in the future, the exact amount of which is unknown at this time; and the injuries to the Plaintiff Tina Reese are permanent and progressive all to the damage of Plaintiff Tina Reese in excess of $75,000.

**Plaintiff Rose Hill's Course of Medical Treatment**

38. Plaintiff Rose Hill was hospitalized at St. Joseph Health Center, Kansas City,

Jackson County, Missouri, from December 9, 2003 through December 11, 2003 because she had developed a symptomatic umbilical incisional hernia.

39. On December 9, 2003, plaintiff Rose Hill underwent a hernia repair by Dr. James Davidson at which time Dr. Davidson placed a Composix Kugel Mesh 4 x 8 reference number 0113480.

40. On January 14, 2005, plaintiff Rose Hill was admitted to St. Joseph Health Center, Kansas City, Jackson County, Missouri, from January 14, 2005 through January 17, 2005 for removal of the Composix Kugel Mesh do to a prolonged course of infection and failure of the Kugel Mesh.

41. On January 14, 2005, Dr. James Davidson removed the Composix Kugel Mesh and replaced it with a Vicryl absorbable mesh, Mesh Dexon; Mesh, Vicryl VKML.

42. On July 29, 2005, Dr. Peter Y. Chu, M.D. removed the absorbable mesh and repaired the ventral incisional hernia with a Bard Composix Kugel Hernia Patch 25.4 cm by 33.0 cm, Reference #0010207 Lot #43HND349.

43. Subsequent to the December 9, 2003 surgery the Kugel hernia repair patch that Dr. Davidson implanted in Ms. Hill's abdomen was recalled by the FDA and defendants Davol and/or Bard because such product was unsafe and defective.

44. On July 3, 2007, plaintiff Rose Hill underwent surgery by Dr. Bruce Ramshaw at the University Hospital, Columbia, Missouri, to have the Bard Composix Kugel Hernia Patch removed as a result of the contraction, inflamation, tearing and migration of the Bard Composix Kugel Hernia Patch. This resulted in a recurrent ventral hernia requiring repair directly causing or directly contributing to cause permanent disfiguring disabling painful injury to the Plaintiff Rose Hill and resulting in past and future medical expenses and past and future lost income.

**Plaintiff Rose Hill's Damages**

45. That as a direct and proximate result of the design, manufacture, processing, distribution, marketing, sale, unfair and deceptive acts, supply, use, and breach of warranty by the defendants of the Kugel Patch in a defective condition unreasonably dangerous for it's reasonably anticipated uses and as a direct and proximate result of the carelessness, negligence, complete indifference to and/or conscious disregard for the safety of others by the defendants, as hereinafter more specifically pleaded, plaintiff Rose Hill has suffered the following injuries and damages: pain, mental anguish, inconvenience, physical impairment, disfigurement, loss of capacity to enjoy life in the past, and will suffer pain, mental anguish, inconvenience, physical impairment, disfigurement, loss of capacity to enjoy life in the future; she has incurred medical expenses in the past and will incur medical expenses in the future, the exact amount of which is unknown at this time; she has incurred lost earnings and will incur lost earnings in the future, the exact amount of which is unknown at this time; and the injuries to the Plaintiff Rose Hill are permanent and progressive all to the damage of Plaintiff Rose Hill in excess of $75,000.

**Plaintiff Rebecca Striplin's Course of Medical Treatment**

46. On October 8, 2001 Rebecca Striplin underwent a hernia repair and gall bladder surgery by Dr. Rex Joyce.

47. Ms Striplin underwent another uncomplicated hernia repair by Dr. Epstein at North Kansas City Hospital on January 7, 2003.

48. On October 10, 2003 Ms Striplin had a CT scan of the abdomen which revealed a ventral midline abdominal hernia. This was repaired by Dr. Epstein at North Kansas City Hospital on November 11, 2003 using a large oval Bard Composix Kugel Hernia Patch Reference #0010202 Lot #43FND007.

49. Subsequent to the November 11, 2003 surgery the Kugel hernia repair patch that Dr. Epstein implanted in Ms. Striplin's abdomen was recalled by the FDA and defendants Davol and/or Bard because such product was unsafe and defective.

50. Ms. Striplin has had continued problems with pain and discomfort from the placement of the Kugel Patch.

**Plaintiff Rebecca Striplin's Damages**

51. As a direct and proximate result of the negligent and defective design, manufacture, processing, distribution, marketing, sale, unfair and deceptive acts, supply, use, and breach of warranty by the defendants of the Kugel Patch in a defective condition unreasonably dangerous for it's reasonably anticipated uses and as a direct and proximate result of the carelessness, negligence, complete indifference to and/or conscious disregard for the safety of others by the defendants, as hereinafter more specifically pleaded, plaintiff Rebecca Striplin has suffered the following injuries and damages: pain, mental anguish, inconvenience, physical impairment, disfigurement, loss of capacity to enjoy life in the past, and will suffer pain, mental anguish, inconvenience, physical impairment, disfigurement, loss of capacity to enjoy life in the future; she has incurred medical expenses in the past and will incur medical expenses in the future, the exact amount of which is unknown at this time; she has incurred lost earnings and will incur lost earnings in the future, the exact amount of which is unknown at this time; and the injuries to the Plaintiff Rebecca Striplin are permanent and progressive all to the damage of Plaintiff Rebecca Striplin in excess of $75,000.

**COUNT I**

**Strict Liability in Tort – Product Defect Against All Defendants**

52. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth

herein and further alleges as follows.

53. At all times relevant herein, Defendants designed, manufactured, labeled, packaged, advertised, marketed, distributed and/or sold the Composix Kugel Mesh Patch to distributors, physicians, hospitals and medical practitioners throughout the United States, including the State of Missouri.

54. At all times relevant herein, Defendants intended for their Composix Kugel Mesh Patch to be surgically implanted into members of the general public, including Plaintiffs, and knew or should have known that the product would be surgically implanted into members of the general public, including Plaintiffs.

55. The implantation of the Composix Kugel Mesh Patch into Plaintiffs was reasonably foreseeable and was used in the manner for which it was intended by Defendants Davol and Bard.

56. At all relevant times hereto;

a. Defendants were situated in the chain of commerce and transferred, sold, marketed, advertised or distributed the Composix Kugel Mesh Patch in the course of its regular business;

b. The Composix Kugel Mesh Patch was used by Plaintiffs and her doctors in a manner reasonably anticipated and foreseeable and in the manner for which it was intended; and

c. The Composix Kugel Mesh Patch implanted in plaintiffs was in the same, or substantially the same, defective and unreasonably dangerous condition when put to its reasonably anticipated and foreseeable use.

57. The Composix Kugel Mesh Patch was defective and unreasonably dangerous when put to a reasonably anticipated and foreseeable use in that:

a. The memory recoil ring of the Composix Kugel Mesh Patch malfunctioned after being implemented;

b. The Composix Kugel Mesh Patch was not properly manufactured;

c. The Composix Kugel Mesh Patch was defectively designed;

d. The Composix Kugel Mesh Patch did not perform as safely as an ordinary consumer/patient would expect;

e. The Composix Kugel Mesh Patch was inadequate or insufficient to maintain its integrity during normal use after implementation in the consumer/patient;

f. The PPM and ePTFE hardened, embrittled and degraded;

g. Defendants failed to properly and adequately warn of (a) through (e) above; and

h. Such further and additional defects as discovery and the evidence reveal.

58. The aforementioned defects, dangerous conditions and lack of warnings existed when the Composix Kugel Mesh Patch was designed, manufactured, labeled, packaged, advertised, marketed, distributed and/or sold by Defendants. At the time Plaintiffs underwent implantation of the product, it was being used in a manner reasonably anticipated and was in the same condition as when designed, manufactured, labeled, packaged, advertised, marketed, distributed and/or sold by Defendants.

59. As a direct and proximate result of Defendants' above-described wrongful conduct and negligence, Plaintiffs have suffered injuries and damages as herein pleaded.

60. The conduct of Defendants as described above in continuing to market, promote, sell and distribute the Composix Kugel Mesh Patch after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiffs pray for judgment in Count I against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT II

## Strict Liability in Tort - Failure to Warn Against All Defendants

61. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

62. Defendant Davol designed, manufactured, processed, distributed, marketed, sold and/or supplied the Kugel Patch without adequate instructions on safe use to reduce and/or eliminate the risks associated with the insertion and implantation thereof.

63. As a result of Defendants' failure to adequately instruct and warn of the dangerous characteristics of the products, said products were defective and unreasonably dangerous when put to the use reasonably anticipated by Defendants.

64. As a direct and proximate result of the dangerous and defective condition of Defendants' products and/or Defendants' failure to warn of the dangers thereof, Plaintiffs suffered the injuries and damages as herein pleaded.

65. At the time of Defendants' design, manufacture, processing, distribution, sale and/or use of the products, Defendants knew of the dangerous condition of said product and thereby showed complete indifference to and/or conscious disregard for the safety of others. Defendants' conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of Plaintiffs and punitive and exemplary damages should be assessed against

Defendants.

66. At the time of their design, manufacture, processing, distribution, marketing, sale, supply and/or use of the subject Kugel Patch Defendants Davol and Bard knew of the dangerous condition of said products and thereby showed complete indifference to and/or conscious disregard for the safety of others. Defendants' conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of Plaintiffs and punitive and exemplary damages should be assessed against Defendants.

67. As a result of the negligent and reckless acts of defendants, plaintiffs suffered from physical pain, mental and emotional distress, inconvenience, disfigurement, physical impairment, loss of capacity to enjoy life, and/or loss of sleep and natural rest. In addition, plaintiffs suffered loss of wages and/or earning capacity, and were required to expend money for medical treatment, medication, medical monitoring and/or medical devices.

WHEREFORE, Plaintiffs pray for judgment in Count II against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

**COUNT III**

**<u>Negligence Against all Defendants</u>**

68. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

69. At all times relevant herein, Defendants had a duty to exercise reasonable care in the design, manufacture, labeling, testing, distributing, advertising, marketing, promoting,

warning and/or sale of the Composix Kugel Mesh Patches into the stream of commerce, including a duty to ensure that the product did not cause users to suffer from reasonably foreseeable, dangerous side effects and serious health problems.

70. Defendants failed to exercise ordinary care in the design, manufacture, labeling, testing, distributing, advertising, marketing, promoting, warning and/or sale of the Composix Kugel Mesh Patch into the interstate commerce, and Defendants knew or should have known that the product created a high risk of unreasonable and foreseeable dangerous side effects.

71. Defendants breached their duty to Plaintiffs in one or more of the following respects, to-wit:

a. In the designing, manufacturing, labeling, testing, advertising, marketing, promoting, distributing, warning and/or sale of the Composix Kugel Mesh Patch in that it failed to use ordinary care so as to avoid causing serious side effects and risks to individuals receiving the product;

b. In failing to follow U.S. Food & Drug Administration ("FDA") good manufacturing practice by failing to properly investigate manifestations of the Composix Kugel Mesh Patch over the years 2001 to 2006, by failing to adequately document reports of this fact, and by failing to exercise adequate quality control;

c. In failing in their duty to disclose or warn that adequate testing had not been performed which would have shown that use of the Composix Kugel Mesh Patch posed serious potential side effects and failing to fully and accurately warn of the symptoms, scope or severity of the side effects and medical conditions caused by and associated with the Composix Kugel Mesh Patch;

d. In failing to disclose or warn of increased risk of injury from the use of the Composix Kugel Mesh Patch;

e. In failing to use qualified scientists or medical personnel in the design, manufacture, label, packaging, advertising, marketing, promoting, distributing, warning and/or sale of the Composix Kugel Mesh Patch;

f. In failing to adequately, properly and timely test and inspect the Composix Kugel Mesh Patch to determine whether it was safe and effective;

g. In failing to report the true results of testing for safety and efficacy performed on the Composix Kugel Mesh Patch and refusing to withdraw the product from the U.S. market in a timely fashion in light of the data information from tests, studies, adverse event reports concerning or relating to the product;

h. In failing to ensure that the Composix Kugel Mesh Patch was adequate or sufficient to maintain its integrity during normal use after implementation in the consumer/patient and failing to ensure that the product would perform as safely as an ordinary consumer/patient would expect.

72. Defendants knew or should have known that significant bodily injury was substantially likely to occur as a result of the defective and unreasonably dangerous design and manufacture of the Composix Kugel Mesh Patch products described above.

73. As a direct and proximate result of Defendants' above-described wrongful conduct and negligence, Plaintiffs have suffered from the injuries set forth herein.

74. The conduct of Defendants as described above in continuing to market, promote, sell and distribute the Composix Kugel Mesh Patch after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiffs pray for judgment in Count III against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

**COUNT IV**

**Breach of Express Warranty Against All Defendants**

75. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

76. The aforementioned manufacturing, design, labeling, testing, distributing, advertising, marketing promoting and selling of the aforesaid products were expressly warranted to be safe for use by plaintiffs and other members of the general public.

77. At the time of the making of the express warranties, defendants had knowledge of the purpose for which the aforesaid products were to be used and warranted the same to be, in all respects, fit, safe and effective and proper for such purpose. The aforesaid products were accompanied by warning of their dangerous propensities that were either known or knowable at the time of distribution.

78. Plaintiffs and/or their health care providers reasonably relied upon the skill and judgment of defendants, and upon said express warranty, in using the aforesaid products. The warranty and representations were untrue in that the products caused severe injuries to plaintiffs and were unsafe and, therefore, unsuited for the use for which they were intended.

79. As a direct and proximate result of the defective and unreasonably dangerous condition of the Kugel Mesh Patch, plaintiffs sustained and will continue to sustain damages in the future, including but not limited to, the following:

a. Medical expenses in the past and future;

b. Permanent physical injury to the body as a whole;

c. Loss of enjoyment of life;

d. Physical and mental pain, suffering and anxiety in the past and future.

80. The conduct of defendants as described above in continuing to market, promote,

sell and distribute the Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish defendants and to deter defendants and others from like conduct.

WHEREFORE, Plaintiffs pray for judgment in Count IV against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT V

**Breach of Implied Warranty v. All Defendants**

81. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

82. Defendants sold the Composix Kugel Mesh Patch hernia surgical repair products which were implanted into Plaintiffs' bodies. Prior to their implantation, Defendants impliedly warranted to Plaintiffs, and to their physicians and health care providers, that the products were of merchantable quality and safe for the use for which they were intended.

83. At the time of the sale of the Composix Kugel Mesh Patch hernia surgical repair product, Defendants knew, or should have known, that they were intended to be used for the purpose of surgically inserting them into the body to repair hernias.

84. Plaintiffs and/or their health care providers reasonably relied on Defendants' judgment, statements and indications that the Composix Kugel Mesh Patch was fit for such use.

85. When the Composix Kugel Mesh Patch, which was implanted in plaintiffs, was distributed and sold by Defendants, it was unsafe for its intended use, and not of merchantable quality, as warranted by Defendants in that it had very dangerous propensities when put to its intended use and implanted into plaintiffs' bodies and would cause serious injuries to the user.

86. As a direct and proximate result of Defendants' above-described wrongful conduct and negligence, Plaintiffs have suffered from severe physical injury, as set forth herein.

87. The conduct of Defendants as described above in continuing to market, promote, sell and distribute the Composix Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiffs pray for judgment in Count V against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT VI

## Violation of the Missouri Merchandising Practices Act Against All Defendants

88. Plaintiffs realleges and incorporate by reference each and every allegation contained in this Complaint as though fully set forth herein.

89. At all times relevant, Defendants were engaged in the design, manufacturing, assembling, distributing, conveying and/or selling of the all Composix Kugel Mesh Patch in their

ordinary course of business. Defendants designed, manufactured, assembled and sold the devices to hospitals and physicians, knowing that they would be thereby sold to patients who needed hernia repair surgery, including Plaintiffs.

90. Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, manufacture, promotion and sale of the Composix Kugel Mesh Patch.

91. Defendants omitted, suppressed, and/or concealed material facts concerning the dangers and risks associated with the use of the Composix Kugel Mesh Patch. Further, Defendants purposely downplayed and/or understated the serious nature of the risks associated with Composix Kugel Mesh Patch use in order to increase the sales of the product.

92. Plaintiffs were injured by Defendants' deceptive and unfair acts.

93. Had Defendants not engaged in the deceptive conduct described above, Plaintiffs would not have purchased and/or paid for the Composix Kugel Mesh Patch, would not have incurred related medical costs and would not continue to incur these costs.

94. Defendants engaged in wrongful conduct while at the same time obtaining, under false pretenses, substantial sums of money from Plaintiffs for the Composix Kugel Mesh Patch that plaintiffs would not have paid had Defendants not engaged in unfair and deceptive conduct.

95. Defendants engaged in calculated silence despite their knowledge of the growing public acceptance of misinformation and misrepresentation regarding both the safety and efficacy of the use of Composix Kugel Mesh Patch, and did so because the prospect of significant future profits outweighed their concern regarding health and safety issues, all to the significant detriment of Plaintiffs.

96. Defendants had a clear post-manufacturing duty to warn, which arose when they knew, or with reasonable care should have known, that the Composix Kugel Mesh Patch was fatal or injurious.

97. Defendants' actions and representations set forth herein constitute knowing omission, suppression and/or concealment of material facts, made with the intent that others would rely upon such concealment, suppression and/or omission, in connection with the marketing of the Composix Kugel Mesh Patch in violation of the Missouri Merchandising Practices Act, R.S.Mo. § 407.010, *et seq.* ("MMPA").

98. The conduct of Defendants as described above in continuing to market, promote, sell and distribute the Composix Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiffs pray for judgment in Count VI against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT VII

## Negligent Misrepresentation Against All Defendants

99. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

100. Defendants, as manufacturers, designers, marketers, advertisers, and distributors of Kugel Mesh Patches, and as the entities responsible for placing Kugel Mesh Patches into the stream of commerce for consumption, owed a duty to plaintiffs and to the general public to use reasonable care to communicate accurate information about Kugel Mesh Patches to plaintiffs and to the general public. Specifically, they owed a duty to plaintiffs to accurately, fully and truthfully represent the safety and efficacy of Kugel Mesh Patches, as well as the risks and benefits of Kugel Mesh Patches.

101. Defendants made material misrepresentations to the general public and to plaintiffs that the Kugel Mesh Patches and other hernia repair surgical products that such products had been clinically and laboratory tested, had a long history of safe use and were proven to be safe.

102. Defendants were negligent in misrepresenting the risks, benefits, safety, and efficacy of Kugel Mesh Patches to plaintiffs because they knew or should have known that their representation that Kugel Mesh Patches had a history of safe use, or that it was effective for hernia surgical repairs, were representations which were untrue or had not yet been adequately proven. Defendants were also negligent because they knew or should have known that Kugel Mesh Patches were not proven to be safe and effective as defendants represented to the general public.

103. Defendants intended for plaintiffs and the general public to rely on their representations regarding the safety and efficacy of Kugel Mesh Patches and such representations were material to plaintiffs' decision to purchase Kugel Mesh Patches.

104. Plaintiffs and/or their health care providers relied on defendants' false and misleading representations when purchasing Kugel Mesh Patches, and they and their health care

providers acted as reasonably prudent persons would have when relying on defendants' representations. In fact, thousands of people were relying on such representations because defendants were concealing the true facts.

105. As a direct and proximate result of the defective and unreasonably dangerous condition of the Kugel Mesh Patch, plaintiffs sustained and will continue to sustain damages in the future, including but not limited to, the following:

a. Medical expenses in the past and future;

b. Permanent physical injury to their bodies as a whole;

c. Loss of enjoyment of life;

d. Physical and mental pain, suffering and anxiety in the past and future.

106. The conduct of defendants as described above in continuing to market, promote, sell and distribute the Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish defendants and to deter defendants and others from like conduct.

WHEREFORE, Plaintiffs pray for judgment in Count VII against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT VIII

## <u>Faudulent Misrepresentation Against All Defendants</u>

107. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

108. Defendants made material misrepresentations to the general public, to plaintiffs and their health care providers that Kugel Mesh Patches and other hernia repair surgical products had been clinically and laboratory tested, had a long history of safe use and were proven to be safe. Defendants also made false representations about the risks and benefits associated with Kugel Mesh Patches.

109. Defendants intended for plaintiffs, their health care providers and/or the general public to rely on their representations regarding the safety and efficacy of Kugel Mesh Patches and such representations were material to plaintiffs and/or their health care providers' decision to purchase Kugel Mesh Patches.

110. Defendants' representations that Kugel Mesh Patches were safe, had a history of safe use and were clinically proven to be safe and effective were false.

111. Defendants knew that such representations were false and misleading or were without information to truly know whether Kugel Mesh Patches were safe and effective because defendants had data and information which showed that Kugel Mesh Patches caused chronic abdominal wall inflammation, intestinal perforations, ring migrations through the abdominal wall, infection, abscesses, bowel perforations, gastrointestinal leaks, bowel obstruction, sepsis, chronic intestinal fistula, pain, overall sickness and damage to internal organs and death, as well as information that Kugel Mesh Patches' efficacy was limited.

112. Plaintiffs and/or their health care providers relied on defendants' false and misleading representations when purchasing Kugel Mesh Patches, and they acted as reasonably prudent persons would have when relying on defendants' representation.

113. The conduct of defendants as described above in continuing to market, promoted, sell and distribute the Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregarding for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish defendants and to deter defendants and others from like conduct.

WHEREFORE, Plaintiffs pray for judgment in Count VIII against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

**PLAINTIFFS DEMAND A JURY TRIAL OF ALL ISSUES SO TRIABLE**

**PLAINTIFFS DESIGNATE THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MISSOURI, KANSAS CITY MISSOURI AS THE TRIAL SITE**

Respectfully Submitted,

GOZA & HONNOLD, LLC

By:______________________________

Kirk Goza MO #32475
Bradley Honnold MO #39818
Roger Nail MO #47534
11150 Overbrook Rd., Ste. 250
Leawood, KS 66211
(913) 451-3433
(913) 273-0509
kgoza@gohonlaw.com
bhonnold@gohonlaw.com
rnail@gohonlaw.com

ATTORNEYS FOR PLAINTIFFS

PAUL L. REDFEARN -- MO #27417
MICHAEL D. WALLIS -- MO #44836
**THE REDFEARN LAW FIRM, P.C.**
1125 Grand Boulevard, Suite 1805
Kansas City, Missouri 64106
Telephone: (816) 421-5301
Facsimile: (816) 421-3785
mdwallis@redfearnlawfirm.com
predfearn@redfearnlawfirm.com

ATTORNEYS FOR PLAINTIFF ROSE HILL